IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES RANDALL,

          Plaintiff,

v.

WILFONG, J. WICHMANN, SCHULZ,
P. NINNEMANN, ROBERT BOSTEDT,
K. GRAHN, K. KARR, JOHN TATE,
CHERYL EPLETT, HUDAK, MILLES,
M. YOHR, CAPT. WIRTH, KRISTINE THOME,
BRAD HOMPE, C. O'DONNELL,
W. CHAPMAN, A. ALT, D. LACOST, J. MERBACH,
H. STENSRUD, PAMELA EDL and BECKIE BLODGETT,

          Defendants.

OPINION AND ORDER

20-cv-89-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff James Randall, who is incarcerated at the New Lisbon Correctional Institution, has filed a civil action under 42 U.S.C. § 1983, contending that various staff members at the Oak Hill Correctional Institution violated his rights under the due process clause by removing him from his prison job and placing him in temporary lockup in May 2019 and then retaliating against him for filing a conduct report about the incident. Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. Plaintiff also has filed a motion for court assistance in recruiting counsel. Dkt. #4.

Having reviewed plaintiff's complaint, I conclude that it violates Rule 8 of the Federal Rules of Civil Procedure because it is difficult to understand and fails to provide sufficient

1

information for this court to determine whether plaintiff would be entitled to relief against any of the named defendants. Although I am dismissing the complaint, I will give plaintiff an opportunity to file an amended complaint that explains his claims more clearly. Plaintiff's motion for court assistance in recruiting counsel will be denied without prejudice to his renewing that motion if he is allowed to proceed on any of his claims.

OPINION

Plaintiff's complaint contains very few details. He alleges that defendant Wilfong, a correctional officer, placed him on temporary lockup and removed him from his full time job as a barber for no reason on May 22, 2019. He alleges that after he filed an inmate complaint against Wilfong, defendant J. Whichmann, an inmate complaint examiner, approved the violation and then retaliated against him by having defendant Pamela Edl, a nurse, file a false conduct report against plaintiff. Plaintiff also alleges that he asked the other defendants for help, but they supported the violation. However, plaintiff alleges that defendant P. Ninnemann, the assistant warden, told plaintiff that he was right. (Plaintiff lists August 21, 2019 as a relevant date, but he does not say what occurred on that day.)

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include "a short of plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  Because plaintiff's complaint does not include enough information to meet this standard, it does not comply with Rule 8.

I will dismiss plaintiff's complaint without prejudice.  I will give plaintiff the opportunity to file an amended complaint in which he explains who each of the defendants is and how each one was involved in the decision to place him in temporary lockup, remove him from his prison job or issue him a false conduct report.  In drafting his amended complaint, plaintiff should be sure to state clearly what happened, when it happened and what each individual defendant did, or did not do, that plaintiff believes violated his constitutional rights.  Plaintiff should draft the amended complaint as if he is telling a story to someone who knows nothing about his situation.  He also should set forth his allegations in separate, numbered paragraphs and use short and plain statements.  After he finishes drafting a complaint, he should further review it and consider whether it could be understood by someone who is not familiar with the facts of his case.  If plaintiff files an amended complaint, I will review it under 28 U.S.C. § 1915A.

Plaintiff should keep in mind that a defendant cannot be held liable for a constitutional violation unless he or she was personally involved in the alleged conduct. Kuhn v. Goodlow, 678 F.3d 552, 555-56 (7th Cir. 2012).  Ruling against plaintiff on his inmate complaint or grievance does not qualify as personal involvement in a constitutional violation and is not enough to state a claim.  McGee v. Adams, 721 F.3d 474, 485 (7th Cir. 2013); George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").  It also is not

3

enough to show that a particular defendant is the supervisor of someone else who committed a constitutional violation. Burks v. Raemisch, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.").

ORDER

IT IS ORDERED that

1. Plaintiff James Randall's complaint is DISMISSED without prejudice for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

2. Plaintiff may have until April 28, 2020 to file an amended complaint as set forth above. If plaintiff does not file an amended complaint by April 28, 2020, I will dismiss this case with prejudice for his failure to state a claim upon which relief may be granted and will assess a strike against plaintiff under 28 U.S.C. § 1915(g).

3. Plaintiff's motion for court assistance in recruiting counsel, dkt. #4, is DENIED without prejudice.

Entered this 7th day of April, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge