IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES RANDALL,

                                                          OPINION AND ORDER

               Plaintiff,

                                                          20-cv-89-bbc

      v.

WILFONG, J. WICHMANN, SCHULZ,
P. NINNEMANN, ROBERT BOSTEDT,
K. GRAHN, K. KARR, JOHN TATE,
CHERYL EPLETT, HUDAK, MILLES,
M. YOHR, CAPT. WIRTH, KRISTINE THOME,
BRAD HOMPE, C. O'DONNELL,
W. CHAPMAN, A. ALT, D. LACOST, J. MERBACH,
H. STENSRUD, PAMELA EDL and BECKIE BLODGETT,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff James Randall, who is incarcerated at the New Lisbon Correctional Institution, filed this proposed civil action under 42 U.S.C. § 1983, contending that various staff members at the Oak Hill Correctional Institution violated his rights under the due process clause by removing him from his prison job and placing him in temporary lockup in May 2019 and then retaliating against him for filing a conduct report about the incident. On April 7, 2020, I dismissed plaintiff's complaint because it violated Federal Rule of Civil Procedure 8, but I gave plaintiff until April 28, 2020 to file an amended complaint, providing defendants fair notice of his claims.  Dkt. #6.  In that order, I also denied plaintiff's motion for court assistance in recruiting counsel.

      Plaintiff has now filed a proposed amended complaint, dkt. #7, which is now before the court for screening under 28 U.S.C. § 1915A.  Also before the court is plaintiff's renewed

motion for court assistance in recruiting counsel.  Dkt. #8.

For the reasons below, I am dismissing the amended complaint for plaintiff's failure to state a claim upon which relief may be granted and assessing a strike against plaintiff under 28 U.S.C. § 1915(g).  Plaintiff's motion for court assistance in recruiting counsel will be denied as moot.

Plaintiff alleges the following facts in his amended complaint.


ALLEGED FACTS

At present, plaintiff James Randall is incarcerated at the New Lisbon Correctional Institution, but all events relevant to his complaint took place at the Oak Hill Correctional Institution where defendants are employed.  After plaintiff was placed on temporary lockup status on May 23, 2019, defendant Wilfong, a correctional officer, removed plaintiff from his full time job as a barber.  Plaintiff was released from temporary lockup status on June 23, 2019, and he sought reinstatement and back pay under Wis. Adm. Code § DOC 303.10(6) (providing for inmate's continued compensation while in temporary lockup).  The assistant warden, defendant P. Ninnemann, approved the request.  Although defendants Wilfong, J. Whichmann (an inmate complaint examiner), Schultz, Bostedt and Grahn knew that Ninnemann had approved plaintiff's requests for back pay and reinstatement, they denied both, falsely claiming that plaintiff had been in segregation instead of temporary lockup. (Plaintiff does not say what positions Schultz, Bostedt and Grahn hold at the prison.)

On August 21, 2019, plaintiff saw defendant Pamela Edl (a nurse) for his annual

health maintenance exam.  After the appointment, plaintiff told Edl that she was a good nurse and that she was "sexy."  Edl issued a conduct report with respect to the incident, accusing plaintiff of improper solicitation in violation of Wis. Adm. Code § DOC 303.30. Defendants Kristine Thome (health services manager) and Whichmann approved the conduct report.  According to plaintiff, defendants Edl, Thome and Whichmann filed or upheld the conduct report in retaliation for plaintiff's filing a complaint against defendant Wilfong.  Plaintiff was found guilty and punished with 60 days disciplinary segregation.

OPINION

A.  <u>Removal From Prison Job</u>

Plaintiff alleges that he was wrongfully terminated and not provided with back pay because defendants Wilfong, Whichmann, Schultz, Bostedt and Grahn falsely stated that he was in segregation instead of temporary lockup.  As plaintiff alleged in his original complaint, these allegations implicate his rights under the due process clause of the Fourteenth Amendment.   (Although plaintiff also generally alleges that he suffered discrimination, he has failed to allege how or on what basis any of the defendants discriminated against him.)

To state a due process claim, plaintiff must allege facts suggesting that he had a property or liberty interest for which he did not receive the procedural protections that he was due, such as notice and an opportunity to be heard.  <u>Townsend v. Cooper</u>, 759 F.3d 678, 685 (7th Cir. 2014); <u>Gillis v. Litscher</u>, 468 F.3d 488, 491-92 (7th Cir. 2006).

3

However, prisoners have very limited constitutional rights when it comes to keeping the jobs they are assigned.  A prison job does not create a property or liberty interest that might be protected by the due process clause.  <u>DeWalt v. Carter</u>, 224 F.3d 607, 613 (7th Cir. 2000). <u>See also</u> <u>Meachum v. Fano</u>, 427 U.S. 215 (1976) (no liberty or property interest in prison classification or assignment); <u>DeTomaso v. McGinnis</u>, 970 F.2d 211, 212 (7th Cir. 1992) (participation in work camp or work release program does not create a liberty or property interest because prisoner is not entitled to benefit).  Therefore, it does not matter to plaintiff's case whether he was given notice or a chance to present his case before being removed from his position as a barber.  It also does not matter whether defendants lied about his being in segregation or they violated Department of Correction regulations regarding inmate compensation because neither action qualifies as a constitutional violation. <u>Scott v. Edinburg</u>, 346 F.3d 752, 760 (7th Cir. 2003) ("[Section] 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."); <u>Patterson v. Hepp</u>, 2017 WL 3261715, at *16 (E.D. Wis. July 31, 2017), <u>aff'd</u>, 722 Fed. App'x 585 (7th Cir. 2018) (lying is not generally a constitutional violation).  <u>See also</u> <u>Owens v. Hinsley</u>, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures . . . do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Accordingly, I find that plaintiff has failed to state a claim under the due process clause.

4

B. <u>Conduct Report for Solicitation</u>

Plaintiff alleges that defendant Edl issued him a conduct report and defendants Thome and Whichmann upheld it in retaliation for his filing a grievance against defendant Wilfong.  To prevail on a First Amendment retaliation claim, a plaintiff must prove three things:  (1) he was engaging in activity protected by the Constitution; (2) defendants' conduct was sufficiently adverse to deter a person of "ordinary firmness" from engaging in the protected activity in the future; and (3) defendants subjected the plaintiff to adverse treatment because of the plaintiff's constitutionally protected activity.  <u>Gomez v. Randle</u>, 680 F.3d 859, 866-67 (7th Cir. 2012); <u>Bridges v. Gilbert</u>, 557 F.3d 541, 555-56 (7th Cir. 2009).  Plaintiff's allegations are sufficient to satisfy the first two requirements of this standard.  A prisoner's right to file a grievance has been recognized as a constitutionally protected activity, <u>Hoskins v. Lenear</u>, 395 F.3d 372, 375 (7th Cir. 2005), and the imposition of 60 days segregation is sufficiently adverse to deter a person of "ordinary firmness" from filing grievances in the future.  <u>Bridges v. Gilbert</u>, 557 F.3d 541, 552 (7th Cir. 2009) (unjust disciplinary charges may chill speech and be a basis for an actionable First Amendment retaliation claim); <u>Walker v. Bertrand</u>, 40 Fed. App'x 988, 989 (7th Cir. 2002) (sentence of segregation sufficient basis to state a First Amendment retaliation claim); <u>Jackson v. Thurmer</u>, 748 F. Supp. 2d 990, 1003 (W.D. Wis. 2010) (45 days in disciplinary segregation sufficient injury to state First Amendment retaliation claim).  However, plaintiff's allegations do not suggest that defendants acted with a retaliatory motive.

First, plaintiff does not allege whether or how defendant Edl, a nurse, would have

5

known about the grievance he allegedly filed against defendant Wilfong.  Second, plaintiff admits that he called defendant Edl "sexy" and that she issued him a conduct report for violating Wis. Admin. Code § DOC 303.30(6), which states that an inmate is guilty of soliciting an employee if he "[c]onveys affection to, or about staff verbally or in writing." These allegations suggest that defendant Edl issued the conduct report because plaintiff violated administrative rules and not because he complained about defendant Wilfong.  In addition, the fact that defendants Thome and Whichmann affirmed the conduct report does not qualify as personal involvement in a constitutional violation and is not enough to state a claim.  McGee v. Adams, 721 F.3d 474, 485 (7th Cir. 2013); Burks v. Raemisch, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."); George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").  Therefore, plaintiff has failed to state a First Amendment retaliation claim against defendant Edl or any of the defendants who ruled against him in reviewing the conduct report.

ORDER

IT IS ORDERED that plaintiff James Randall's complaint is DISMISSED for failure to state a claim upon which relief may be granted.  The clerk of court shall assess a strike

against plaintiff under 28 U.S.C. § 1915(g).  Plaintiff's motion for court assistance in recruiting counsel, dkt. #8, is DENIED as moot.

Entered this 4th day of May, 2020.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge